United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHN GALLEGOS,

Plaintiff,

v.

LORI CHAVEZ-DEREMER, et al.,

Defendants.

Case No.  25-cv-09409-MMC

**ORDER RE: PENDING MOTIONS**

Re: Dkt. Nos. 17, 19-20

Before the Court are three motions filed by plaintiff Joseph John Gallegos: (1) "Motion to Lift Stay and Permit Amendment of Complaint; Request for Extraordinary Writs of Mandamus and Prohibition," filed February 11, 2026 ("February 11 Motion"); (2) "Ex Parte Emergency Motion to Lift Stay and for Temporary Restraining Order," filed March 2, 2026; and (3) "Motion for Leave to File Excess Pages Exhibits," filed March 2, 2026. Defendants have not been served and no opposition has been filed.  Having read and considered the papers in support of the motions, the Court rules as follows.[1]

**DISCUSSION**

**1.    Stay**

Plaintiff asks the Court to "lift the stay that was entered on January 15, 2026." (See Doc. No. 17 at.1.)

In light of plaintiff's representations as to the status of the Department of Labor's

---

[1] By order filed April 1, 2026, the Court took the matters under submission.

Administrative Review Board's decision regarding plaintiff's petition for review, [2] and such appellate process being the basis for the stay, plaintiff's request to lift the stay is hereby GRANTED.  See Akeena Solar Inc. v. Zep Solar Inc., No. 09-cv-05040, 2011 WL 2669453, *2 (N.D. Cal. 2011) (stating "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay" (internal quotation and citation omitted)).

### 2.    Amendment

Plaintiff asks the Court for leave to amend the Complaint and has filed a "Supplemental Amended Complaint" in connection therewith.  (See Doc. No. 17; see also Doc. No. 17-2.)

Plaintiff's request for leave to file an amended pleading is hereby GRANTED. Plaintiff shall file, no later than April 20, 2026, the "Supplemental Amended Complaint" (see Doc. No. 17-2) as a separate document on the docket and with the title "First Amended Complaint," which will serve as the operative complaint in the above-titled action.

### 3.    Extraordinary Writ of Mandamus

Plaintiff asks the Court to issue a writ of mandamus "compelling [defendants] to produce the official record of Plaintiff's [administrative] proceeding."  (See Doc. No. 17 at 6.)

"A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available.'"  See Barron. v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting Fallini v.

---

[2] In support of the February 11 Motion, plaintiff cites and attaches court filings from the Review Board proceedings in Gallegos v. A Plus Personal Care Provider, LLC, ARB Case No. 2026-0015. (See Doc. No. 17-4.)  The Court takes judicial notice of the Notice and Order, filed therein on January 15, 2026.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

United States District Court
Northern District of California

Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986)).  Here, plaintiff has failed to show no other adequate remedy is available to warrant such extraordinary relief.

Accordingly, plaintiff's request for a writ of mandamus is hereby DENIED.

### 4. Ex Parte Temporary Restraining Order

Plaintiff seeks the issuance of an ex parte Temporary Restraining Order "enjoining Defendants, their officers, agents, and employees from issuing a final agency decision" (see Doc. No. 19 at 6) for the reason that such decision "would . . . permanently foreclose meaningful judicial review" of plaintiff's APA claim in the instant action (see id. at 2).

A temporary restraining order may not issue in the absence of "notice to the adverse party or its attorney" unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  See Fed. R. Civ. P. 65(b).

Here, although plaintiff has endeavored to show he is entitled to the requested relief, neither plaintiff's motion nor his "Certification of Counsel" support a finding that irreparable injury would result if defendants were given notice and an opportunity to be heard in opposition.

Accordingly, plaintiff's application for Temporary Restraining Order is hereby DENIED.

### 5. Extension of Time for Service

Plaintiff requests an extension of time to serve defendants.  (See Doc. No. 19 at 6-7.)

The above-titled action having been filed on October 31, 2025, the 90-day deadline to serve has long since passed.  See Fed. R. Civ. P. 4(m) (providing 90-day time limit for service).  The Court will, however, afford plaintiff a limited extension of time to serve the named defendants within 45 days of this order.

Accordingly, plaintiff's request for an extension of time to serve is hereby

United States District Court
Northern District of California

GRANTED.   Plaintiff shall serve defendants with summons and the First Amended Complaint no later than May 28, 2026.

### 6.    Leave to File Excess Pages

Plaintiff's "Motion for Leave to File Excess Pages" pertains solely to his "Ex Parte Emergency Motion to Lift Stay and for Temporary Restraining Order."  (Compare Doc. No. 20 with Doc. No. 19.)  Also, as it appears the requested extension only concerns exhibits, and, as the page limitation set forth in this district's local rules applies only to briefs or memoranda, see Civil L.R. 7-4(b) (providing "briefs or memoranda . . . may not exceed 25 pages of text"), the motion to file excess pages is not necessary.

Accordingly, plaintiff's Motion for Leave to File Excess Pages is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 13, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California